Filed 10/21/14  P. v. Patton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>FRANK TIM PATTON, JR.,<br><br>     Defendant and Appellant. | C075013<br><br>(Super. Ct. No. CR030785) |

Defendant Frank Tim Patton, Jr., pleaded guilty to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) in exchange for a stipulated county jail term of two years (Pen. Code, § 1170, subd. (h); undesignated statutory references are to the Penal Code) and dismissal of two related counts and an on-bail enhancement (§ 12022.1).  On the written plea form, defendant expressed his understanding "that the court [was] allowing [him] to surrender at a later date to begin serving time in custody" and expressed his agreement "that if [he failed] to appear on the date set for surrender without a legal excuse, [his] plea [would] become an 'open plea' to the court, [he would] not be allowed to withdraw [his] plea, and [he might] be sentenced

1

up to the maximum allowed by law." In lieu of taking an *Arbuckle* waiver (*People v. Arbuckle* (1978) 22 Cal.3d 749 (*Arbuckle*)) and setting a sentencing date, the trial court immediately sentenced defendant to the stipulated two-year jail term and did not remand him into custody.

After defendant failed to turn himself in as required, the trial court resentenced him to three years in local custody. Defendant did not obtain a certificate of probable cause.

On appeal, defendant contends there was no *Cruz* waiver (*People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*)) and the trial court had no jurisdiction to sentence him the second time. He claims the three-year sentence is statutorily unlawful and a violation of federal due process.

We have no occasion to decide whether the first sentencing erected a statutory or due process bar to the second sentencing. The written plea form *says* that defendant can be sentenced to a maximum term if he fails to surrender, and his claim that he cannot be so sentenced *attacks what the plea form says*. Because defendant did not obtain a certificate of probable cause, his appeal must be dismissed.

## FACTS[1]

On May 1, 2013, at 10:22 p.m., officers stopped defendant's truck and determined that he was under the influence of methamphetamine and his driver's license was suspended. Police subsequently found methamphetamine in the truck and at defendant's house, where an electronic scale was also found. Defendant admitted that he was selling methamphetamine.

---

[1] Because the matter was resolved by plea and defendant waived referral to the probation department, our statement of facts is taken from the prosecutor's written statement of the case.

# DISCUSSION

**Defendant's contention requires a certificate of probable cause.**

Defendant contends there was no *Cruz* waiver and the trial court lacked jurisdiction to sentence him the second time. He claims the three-year term is statutorily unlawful and a violation of federal due process.

The People respond that defendant's challenge to the second sentencing is in substance a *challenge to the plea* insofar as *the plea allowed resentencing* following the failure to surrender. The attack on the plea makes the appeal subject to section 1237.5, which requires a certificate of probable cause. We agree with the People.

### *Background*

Defendant entered into a written plea agreement in which he pleaded guilty to transportation of methamphetamine in exchange for a two-year county jail term and dismissal of all remaining counts and enhancements. The plea agreement provided that defendant faced a maximum time of imprisonment of four years. The plea agreement also provided, in relevant part:

"10. AFTER THE PLEA

"[Defendant's initials]. a. **Surrender**: I understand that the court is allowing me to surrender at a later date to begin serving time in custody.

"[Defendant's initials.] If the box to the left is initialed, I agree that if I fail to appear on the date set for surrender without a legal excuse, my plea will become an 'open plea' to the court, I will not be allowed to withdraw my plea, and I may be sentenced up to the maximum allowed by law."

Before defendant entered his plea, the trial court inquired whether there was an *Arbuckle* waiver and the prosecutor stated that "[t]here should be." In response, defendant's counsel said "there could be an Arbuckle waiver or in the alternative . . . if the Court wanted to sentence today, [defendant] is prepared to enter into a Cruz waiver which if the Court would be willing to let him turn himself in next Thursday at 7:00 p.m.,

3

I explained to him in the event he fails to turn himself in or in the event he picks up a new case in the interim, his plea would no longer be an [*sic*] low term stipulation, it would turn into an open plea allowing the Court to have full discretion as to it's [*sic*] sentence in this case, either two, three or four years [*sic*] term in the felony matter[2] and [defendant] indicates he understands that and he's prepared to enter into that Cruz waiver, and *he did so on the plea form*, Your Honor." (Italics added.)

Defendant entered his guilty plea and the trial court sentenced him to the low term of two years.

The trial court then informed defendant that he was required to turn himself in by September 5, 2013. If he failed to do so, he "could be subject to the full term in both of these cases to run consecutive with one another." Defendant assured the court that he understood.

On September 9, 2013, the Lassen County Sheriff's Office filed a request for an arrest warrant based on defendant's failure to surrender to jail on September 5, 2013.

On October 1, 2013, defendant appeared in the trial court. Defense counsel objected that, in lieu of imposing sentence at the time of the plea, the court should have postponed sentencing until the turn-in date. Counsel asked the court to follow the sentence that already was imposed.

The prosecutor responded that "the Cruz waiver is in essence a contractual agreement between the defendant and the Court and the People whereby he agrees to turn himself in, we agree to honor it and if he breaches that, then obviously there's an issue there and so it's plain that that's what the defendant did."

---

[2] In a separate case, No. CR030442, defendant agreed to plead guilty to a misdemeanor violation of section 243, subdivision (d), and serve one year of incarceration concurrently with the sentence imposed in this case.

4

The trial court acknowledged that it "imposed the sentence and then took the Cruz waiver later." The court explained that the *Cruz* waiver "was based on the contract between the Court and the People and the defendant that it was the defendant who didn't want to be remanded that day and wanted to turn himself in at a later date for whatever reason . . . and the reason why the court agreed to it was because the defendant entered into the Cruz waiver that he could serve up to five years should he not turn himself in and that the defendant chose to take that path. So now, to come back to the Court and say well, you can't do anything else is just not true, the Court can and the Court intends to." The court sentenced defendant to prison for three years pursuant to section 1170, subdivision (h).

*Analysis*

"[S]ection 1192.5 provides that a defendant who pleads guilty pursuant to *a plea bargain which is subsequently disapproved* by the trial court shall be permitted to withdraw the plea if he or she so desires." (*Cruz*, *supra*, 44 Cal.3d at p. 1249, italics added.) *Cruz* held that "the statute applies even to the fleeing defendant, against whom separate sanctions are available under Penal Code sections 1320 and 1320.5." (*Cruz*, at p. 1249.) *Cruz* "noted in a footnote . . . that a defendant could expressly waive his or her rights under section 1192.5 at the time the plea was entered. [Citation.]" (*People v. Masloski* (2001) 25 Cal.4th 1212, 1215, fn. 2 (*Masloski*).) Strictly speaking, this "*Cruz* waiver" is *a section 1192.5 waiver* because the defendant intentionally relinquishes his or her right to withdraw a plea *where the plea bargain has been disapproved.*

But the phrase "*Cruz* waiver" is not always used in this strict sense. In *Masloski*, "the trial court carefully described the terms of the agreement, which included what the court referred to as a '*Cruz* waiver.' The court later explained that a '*Cruz* waiver' signified that defendant could receive an increased sentence of up to six years in prison in the event she failed to appear for sentencing." (*Masloski*, *supra*, 25 Cal.4th at p. 1222.) The "terms of the plea agreement [included] the provision for an increased sentence in

the event [the] defendant failed to appear." (*Id*. at p. 1223.) "The trial court listed the '*Cruz* waiver' as one of the terms of the plea agreement, and [the] defendant clearly understood that part of the agreement was that her sentence could be increased in the event she failed to appear for sentencing." (*Ibid*.) When the defendant failed to appear on the date set for sentencing, "the superior court did not disapprove the plea agreement." (*Ibid*.) Rather, it sentenced the defendant "to a term of four years in prison, in accordance with the terms of the plea agreement. *The provisions of section 1192.5 that permit a defendant to withdraw his or her plea if the court withdraws its approval of the plea agreement were not implicated*, because the court adhered to the terms of the plea agreement by sentencing [the] defendant to a prison term that did not exceed (and in fact was less than) the maximum sentence authorized by the plea agreement in the event that [the] defendant failed to appear on the date set for sentencing." (*Masloski*, at pp. 1223-1224, italics added.)

*Masloski* is similar to the present case. The parties used the phrase "*Cruz* waiver" to refer to part 10 of the plea agreement set forth above. This is seen clearly in defense counsel's remark that defendant was "prepared to enter into that Cruz waiver, and *he did so on the plea form*, Your Honor." (Italics added.)

When defendant failed to surrender on September 5, 2013, the trial court "adhered to the terms of the plea agreement" by sentencing defendant to a three-year term that was less than the four-year maximum. Section 1192.5 was "not implicated." (*Masloski*, *supra*, 25 Cal.4th at p. 1224.) Whether the first sentencing terminated defendant's right to withdraw his plea *following court rejection of the plea agreement* is academic, because the court never rejected the agreement.

The remaining question is whether defendant can challenge part 10 of the plea agreement, which was the sole basis for the three-year sentence, without a certificate of probable cause. The answer is no.

6

"[S]ection 1237.5 provides that a defendant may not appeal 'from a judgment of conviction upon a plea of guilty or nolo contendere' unless the defendant has applied to the trial court for, and the trial court has executed and filed, 'a certificate of probable cause for such appeal.' [Citation.] 'Despite this broad language, we have held that two types of issues may be raised on appeal following a guilty or nolo plea without the need for a certificate: issues relating to the validity of a search and seizure, for which an appeal is provided under . . . section 1538.5, subdivision (m), and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed.' [Citation.] [¶] . . . [¶] . . . '[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' and thus requires a certificate of probable cause. [Citation.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 766 (*Shelton*); see *People v. Panizzon* (1996) 13 Cal.4th 68, 79.)

Defendant argues that his "challenge is to the penalty that was imposed, and not to the plea bargain." He reasons that he "does not challenge the sentence term agreed to in the plea bargain, and for that reason does not challenge the validity of the plea." But as we have seen, the plea bargain included the three-year sentence as well as the two-year sentence. Defendant "negotiated" the penalty for his failure to surrender as part of the plea bargain and his challenge to the negotiated penalty is a challenge to the validity of the plea. Thus, his claim requires a certificate of probable cause. (*Shelton*, *supra*, 37 Cal.4th at p. 766.)

## DISPOSITION

The appeal is dismissed.

_____RAYE_____, P. J.

We concur:

_____BUTZ_____, J.

_____MAURO_____, J.

7